**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**TYLER DIVISION**

| | | |
|---|---|---|
| **CELL AND NETWORK SELECTION LLC,** | § § § | |
| *Plaintiff*, | § § | **CIVIL ACTION NO.** |
| **v.** | § § | |
| **METROPCS COMMUNICATIONS, INC., METROPCS WIRELESS, INC., METROPCS TEXAS, LLC, HUAWEI TECHNOLOGIES CO., LTD., HUAWEI TECHNOLOGIES USA INC., HUAWEI DEVICES USA INC., FUTUREWEI TECHNOLOGIES, INC., ZTE CORPORATION, ZTE (USA) INC. and ZTE SOLUTIONS INC.** | § § § § § § § § § § § | **JURY TRIAL DEMANDED** |
| *Defendants*. | § | |

**ORIGINAL COMPLAINT**

Cell and Network Selection LLC ("CNS"), by and through its attorneys, for its Original Complaint against Defendants MetroPCS Communications, Inc., MetroPCS Wireless, Inc., MetroPCS Texas, LLC (collectively, "MetroPCS"); Huawei Technologies Co., Ltd., Huawei Technologies USA Inc., Huawei Devices USA Inc., FutureWei Technologies, Inc. (collectively, "Huawei"); and ZTE Corporation, ZTE (USA) Inc. and ZTE Solutions Inc. (collectively, "ZTE"), (MetroPCS, Huawei, and ZTE are hereinafter collectively, "Defendants"), hereby alleges as follows:

## I.    NATURE OF THE ACTION

1.      This is a patent infringement action to end Defendants' unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of products and methods incorporating Plaintiff CNS's patented inventions.

2.      CNS holds all substantial rights and interest in and to United States Patent No. 6,195,551 (the "'551 Patent"), issued on February 27, 2001, for "Idle Handoff Controlling Method in Cellular Communication System."  A true and correct copy of the '551 Patent is attached hereto as **Exhibit 1**.

3.      Each of the Defendants makes, uses, sells and/or imports infringing products and provides infringing services in violation of the '551 Patent.  Plaintiff CNS seeks injunctive relief to prevent Defendants from continuing infringement of Plaintiff's patent rights.  Plaintiff CNS further seeks monetary damages and prejudgment interest for Defendants' past infringement of the '551 Patent.

## II.    THE PARTIES

4.      Plaintiff CNS is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 6136 Frisco Square Boulevard, Suite 385, Frisco, TX 75034.

### MetroPCS

5.      On information and belief, MetroPCS Communications, Inc. is a Delaware corporation, having a principal place of business in Richardson, Texas. MetroPCS Communications, Inc. may be served by serving its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

6.      Upon information and belief, MetroPCS Wireless, Inc., a subsidiary of MetroPCS Communications, Inc., is a Delaware corporation, having a principal place of business in Dallas, Texas. MetroPCS Wireless, Inc. may be served by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7.      On information and belief, MetroPCS Texas, LLC is a Delaware entity, having a principal place of business in Dallas, Texas.  MetroPCS Texas, LLC may be served by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

8.      MetroPCS conducts business within the State of Texas and this District.

**<u>Huawei</u>**

9.      Upon information and belief, Defendant Huawei Technologies Co., Ltd. is a corporation organized under the laws of the People's Republic of China, and has its principal place of business located in Huawei Industrial Base, Bantian, Longgang, Shenzhen, Guangdong, P.R. China 518129, where it can be served with process.

10.      Upon information and belief, Defendant Huawei Technologies USA Inc. is a corporation organized under the laws of the State of Texas, and has its principal place of business located at 5700 Tennyson Parkway, Suite 500, Plano, Texas 75024.   Huawei Technologies USA Inc. has designated CT Corporation System, at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201 as its agent for service of process.

11.     Upon information and belief, Defendant Huawei Device USA Inc. is a corporation organized under the laws of the State of Texas, and has its principal place of business located at 5700 Tennyson Parkway, Suite 600, Plano, Texas 75024.  Huawei Device USA Inc. has designated CT Corporation System, at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201 as its agent for service of process.

12.     Upon information and belief, Defendant FutureWei Technologies, Inc. is a Texas corporation with its principal place of business in Santa Clara California.   FutureWei Technologies, Inc. has designated CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201 as its agent for service of process.

13.     Huawei conducts business within the State of Texas and this District.

**ZTE**

14.     On information and belief, ZTE Corporation is a corporation organized and existing under the laws of the People's Republic of China, having a principal place of business in ZTE Plaza, Keji Road South, Hi-Tech Industrial Park, Nanshan District, Shenzhen, Guangdong Province, P.R. China 518057, where it can be served with process.

15.     On information and belief, ZTE (USA) Inc. is a corporation existing under the laws of the State of New Jersey, having a principal place of business in Richardson, Texas.  ZTE (USA) Inc. may be served by serving its registered agent, Li Mo, 4585 Spencer Drive, Plano, TX 75024.

16.      On information and belief, ZTE Solutions Inc. is a corporation existing under the laws of the State of Delaware, having a principal place of business at 2425 N. Central Expressway, Ste. 600, Richardson, Texas 75080.  ZTE Solutions Inc. may be served with process through its agent, Incorp Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701.

17.     On information and belief, ZTE's products include wireless, exchange, access, optical transmission and data telecommunications gear; mobile phones; and telecommunications software.  It also offers products that provide value-added services, such as video on demand and streaming media.

18.     ZTE conducts business within the State of Texas and this District.

### III.     JURISDICTION AND VENUE

19.     This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284, and 285.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

20.     This Court has personal jurisdiction over each of the Defendants, and venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c), and 1400.

### IV.     PLAINTIFF'S '551 PATENT

21.     The '551 Patent relates to automated cellular communication systems.  In accordance with the '551 Patent, a system is provided in which efficient handoff occurs between multiple base stations with respect to which a portable device such as a cellular handset is in communication range.  If the mobile device detects a pilot channel signal from another base station that is sufficiently stronger than that of the current base station and other circumstances indicate a handoff is advantageous, the mobile device determines that an idle handoff should occur and effects such a handoff.

22.     CNS holds all substantial rights in and to the '551 Patent, including all rights to recover for all past and future infringements thereof.

## VI.    DEFENDANTS' ACTS

### MetroPCS

23.     MetroPCS provides, makes, uses, sells, offers for sale, and/or distributes infringing systems.  The infringing systems include, for example, LTE (4G) phones and other devices deployed with Huawei including, but not limited to the Activa 4G, and with ZTE, including the Anthem 4G.  With knowledge of the '551 Patent, MetroPCS provides related services and instructions for the infringing operation of such systems to its customers.

24.     Through its actions, MetroPCS has directly infringed the '551 Patent and actively induced others including its customers to infringe and contributed to the infringement by others of the '551 Patent throughout the United States.

25.     CNS has been and will continue to suffer damages as a result of Defendant MetroPCS's infringing acts unless and until enjoined.

### Huawei

26.     Huawei provides, makes, uses, sells, offers for sale, and/or distributes infringing systems.  The infringing systems include, but are not limited to, for example, LTE (4G) phones and other devices deployed with MetroPCS, including the Activa 4G.  With knowledge of the '551 Patent, Huawei provides related services and instructions for the infringing operation of such systems to its customers.

27.     Through its actions, Huawei has directly infringed the '551 Patent and actively induced others including its customers to infringe and contributed to the infringement by others of the '551 Patent throughout the United States.

28.     CNS has been and will continue to suffer damages as a result of Defendant Huawei's infringing acts unless and until enjoined.

**ZTE**

29.     ZTE provides, makes, uses, sells, offers for sale, and/or distributes infringing systems.   The infringing systems include, for example, LTE (4G) devices deployed with MetroPCS including, but not limited to the Anthem 4G.   With knowledge of the '551 Patent, ZTE provides related services and instructions for the infringing operation of such systems to its customers.

30.     Through its actions, ZTE has directly infringed the '551 Patent and actively induced others including its customers to infringe and contributed to the infringement by others of the '551 Patent throughout the United States.

31.     CNS has been and will continue to suffer damages as a result of Defendant ZTE's infringing acts unless and until enjoined.

## COUNT ONE
## PATENT INFRINGEMENT—U.S. PATENT NO. 6,195,551

32.     Plaintiff CNS realleges and incorporates herein paragraphs 1–31.

33.     Defendants have directly infringed the '551 Patent in violation of 35 U.S.C. §271(a) by making, using, selling and/or importing infringing products and/or providing infringing services in violation of the '551 Patent.

34.     Defendants have indirectly infringed the '551 Patent by inducing the infringement of the '551 Patent and contributing to the infringement of the '551 Patent in violation of 35 U.S.C. §§271(b) and (c), including by their respective customers.   Defendants have provided infringing handset assemblies to their customers and instructed them to assemble and use them in an infringing manner.

35.     Upon information and belief, Defendants have jointly infringed the '551 Patent, including by controlling, instructing and/or directing others to perform one or more of the claimed method steps.

36.     Defendants' aforementioned acts have caused damage to CNS and will continue to do so unless and until enjoined.

## VII.   JURY DEMAND

37.     Plaintiff CNS hereby demands a jury on all issues so triable.

## VIII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff CNS respectfully requests that the Court:

A.     Enter judgment that each Defendant infringes one or more claims of the '551 Patent literally and/or under the doctrine of equivalents;

B.     Permanently enjoin each Defendant, its agents, servants, and employees, and all those in privity with each Defendant or in active concert and participation with any of the Defendants, from engaging in acts of infringement of the '551 Patent;

C.     Award Plaintiff CNS past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendants of the '551 Patent in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

D.     Award Plaintiff CNS its costs, disbursements, attorneys' fees;

E.     Award Plaintiff CNS prejudgment and postjudgment interest to the maximum extent provided under the law; and

F.     Award Plaintiff CNS such further and additional relief as is deemed appropriate by this Court.

Respectfully Submitted,

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

Andrew G.  DiNovo
Texas State Bar No. 00790594
adinovo@dpelaw.com
Adam G. Price
Texas State Bar No. 24027750
aprice@dpelaw.com
Chester J. Shiu
Texas State Bar No. 24071126
cshiu@dpelaw.com
John D. Saba Jr.
Texas State Bar No. 24037415
jsaba@dpelaw.com
DINOVO PRICE ELLWANGER
& HARDY LLP
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2622
Facsimile:  (512) 539-2627

*Counsel for Cell and Network Selection LLC*